**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Arthur Jack, individually and on behalf of all others similarly situated;<br><br>        Plaintiff,<br><br><br><br><br><br>  -v.-<br><br>Tenaglia & Hunt P.A.,<br><br><br>        Defendant(s). | Civil Action No: 2:22-cv-922<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Arthur Jack (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Tenaglia & Hunt P.A. (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.       Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.       The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.       Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.       Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.       Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.       Plaintiff is a resident of the State of New Jersey, County of Essex.

8.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) with a business address of 395 West Passaic Street Suite 205, Rochelle Park, NJ 07662 and an address for service of process at Corporation Service Company, 1090 Vermont Ave NW, Washington, DC 20005.

9.      Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of:

   a.  all individuals with addresses in the State of New Jersey;

   b.  to whom Defendant sent a collection letter attempting to collect a consumer debt;

   c.  where the Defendant sued the consumer in the wrong venue;

   d.  was unable to locate the consumer for service of process;

   e.  yet garnished the consumer's wages nonetheless;

   f.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.     The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.     Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

14.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, Exhibit B and Exhibit C violate 15 U.S.C. § l692e and § l692f et seq.

15.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, Exhibit B and Exhibit C violate 15 U.S.C. § l692e and § l692f et seq.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.     On or about March 26, 2018, an obligation was allegedly created to the original creditor, Wilmington Trust, N.A.

21.     The original subject obligation with an Account number ending in 9193 arose out of a personal loan. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

22.     Upon information and belief, Wilmington Trust, N.A. transferred the debt to OneMain Financial Group, LLC for the purpose of servicing the loan.

23.     The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

24.     The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.     Upon information and belief, Defendant was hired to collect the subject debt on behalf of the current creditor. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violation*

26.     Defendant sued on behalf of OneMain Financial Group, LLC as servicer for Wilmington Trust, N.A., as Issuer Loan Trustee for OneMain Financial Issuance Trust 2018-I in the Superior Court of New Jersey, Special Civil Part, Middlesex County. The docket number associated with this lawsuit is MID-DC-012482-20.

27.     Defendant sought a judgment of $6,904.03 plus $82.00 in costs for breach of contract and unjust enrichment for a total of $6,986.03.

28.     In a Civil Action Certification, dated April 1, 2021, attorney David Sussman certified that he reviewed the documentation to determine the appropriate place for the service of process and confirmed the (incorrect) address of 13 Pikeview Ln. Woodbridge NJ, 07095. (See Exhibit A for a true and accurate version of the Civil Action Certification.)

29.     Mr. Sussman further certified that he was aware that if any of the foregoing statements were wilfully false, he would be subject to punishment.

30.     Plaintiff was never served with a summons and complaint.

31.     Defendant sued Plaintiff in the wrong venue.

32.     In fact, Plaintiff lives in Essex County, not Middlesex County.

33.     Had Plaintiff been served with process, he would have had the opportunity to answer the complaint within 35 days of service.

34.     Had Plaintiff been served with process, he would have been able to defend himself in the civil action and may have been able to avoid having a judgment entered against him.

35.     Had Plaintiff known about the lawsuit, he could have called Defendant to resolve the dispute.

36.     Instead, a garnishment was issued in the amount of $650.00 against Plaintiff, and without his knowledge.

37.     Once Plaintiff was first made aware of the lawsuit and its resulting garnishment, Plaintiff contacted the Middlesex County Clerk.

38.     The County Clerk's office confirmed that there was no record of service for Plaintiff.

39.     Instead, a summons and complaint were mailed to an incorrect address Defendant had associated with Plaintiff in its business records.

40.     Plaintiff incurred actual damages in the form of garnishment of his wages.

41.     Plaintiff was emotionally damaged by the shock of receiving a garnishment for a lawsuit of which he was entirely unaware.

42.     Plaintiff was embarrassed that his employer would find about about his debts and think less of him as an employee.

43.     Plaintiff was worried that the lawsuit would affect his ability to advance at his job.

44.     Plaintiff experienced a great deal of stress trying to figure out how to handle the garnishment.

45.     Plaintiff was afraid of the degree of impact the lawsuit and garnishment would have on his professional and personal life.

46.     Defendant's failure to serve Plaintiff with a summons and complaint directly caused concrete harm to Plaintiff.

47.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

48.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

50. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51. Defendant violated §1692e:

   a. As Defendant misrepresented Plaintiff's address and failed to serve him with process of service, in violation of 1692e(9); and

   b. By making false and misleading representations in violation of §1692e(10).

52. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

55. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

56. Defendant violated §1692f:

   a. As Defendant did not take proper action to inform Plaintiff about a lawsuit for allegedly defaulted debt and garnished his wages without giving him a chance to defend himself in the civil action for the underlying debt.

57.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's

conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs

and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

58.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests

a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Arthur Jack, individually and on behalf of all others similarly

situated, demands judgment from Defendant Tenaglia & Hunt P.A., as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying

Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and

expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem

just and proper.

Dated: February 22, 2022                          Respectfully Submitted,

                                                  **STEIN SAKS, PLLC**

                                                  **/s/ Yaakov Saks**
                                                  Yaakov Saks, Esq.

10

One University Plaza, Ste. 620
Hackensack, NJ 07601
Ph:  201-282-6500
Fax: 201-282-6501
ysaks@steinsakslegal.com
*Counsel for Plaintiff*